Steven W. Ritcheson, SBN 174062
INSIGHT, PLC
9800 Topanga Canyon Blvd.
Chatsworth, CA 91311
Phone: 818.882.1030
Fax: 818.774.8714
swritcheson@insightplc.com

Nicholas W. Armstrong, SBN 270963
PRICE ARMSTRONG, LLC
2421 2nd Avenue North, Suite 1
Birmingham, AL 35203
Phone: 205.208.9588
Fax: 205.208.9598
nick@pricearmstrong.com

W. Lewis Garrison, Jr.*
Taylor C. Bartlett*
HENINGER GARRISON DAVIS, LLC
2224 First Avenue North
Birmingham, Alabama 35203
Phone: 205.326.3336
lewis@hgdlawfirm.com
taylor@hgdlawfirm.com

*Attorneys for Plaintiff*

* *Pro Hac Vice* Application Forthcoming

# THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXCEL CONCRETE CONSTRUCTION, INC.,<br><br>Plaintiff,<br><br>v.<br><br>UNITED RENTALS (NORTH AMERICA), INC. and UNITED RENTALS, INC.,<br><br>Defendants. | Case No. **'17CV1506 JLS  BLM**<br><br>**COMPLAINT**<br><br>CLASS ACTION<br><br>1. Unlawful, Unfair, and Fraudulent Business Practices (B&P Code § 17200 *et seq.*); and<br><br>2. False and Misleading Statements (B&P Code § 17500 *et seq.*)<br><br>3. Breach of Contract |

## CLASS ACTION COMPLAINT

Plaintiff Excel Concrete Construction, Inc. ("Plaintiff" or "Excel") individually and on behalf of a class of all persons or entities who are similarly situated in California files this Class Action Complaint against United Rentals (North America), Inc. and United Rentals, Inc. (collectively "United Rentals" or "United").

## NATURE OF THE CASE

1.      United is one of the largest equipment rental companies in the United States.  It rents equipment to individuals and small businesses like Plaintiff from locations across California.  When it does so, United charges a rental rate which is established in a uniform, pre-printed contract.[1]  However, in addition to this rate, United also charges two excessive fees through an unlawful and deceptive scheme.

2.      The first of these fees are Refueling Charges. When a customer rents equipment which runs on fuel and does not return the equipment fully fueled, United charges the customer for refueling.  The form contract expressly limits the amount United can charge in these situations to "the cost of fuel." But, in breach of this express provision, United charges customers much more than its cost of

---

[1]  Attached as Exhibit A is an example of the standard, pre-printed form agreement that contains the terms and conditions at issue.  United, in its sole possession, maintains the actual physical terms and conditions that Plaintiff entered into.

fuel.  Further, United's Refueling Charges are not designed to—and in fact bear no relation to—United's actual refueling costs.   Rather, United assessed Refueling Charges which are designed to reap hidden profits at its customers' expense.  United has intentionally deceived its customers regarding the Refueling Charges, including by representing these charges through uniform terms and by concealing material facts.

3.    The second of these fees are Environmental Charges.   United represents and agrees in the form contract that the Environmental Charge "is designed to recover United's direct and indirect expenses for handling, managing and disposing of waste products, hazardous materials, and related administrative costs." But, in violation of this language, the Environmental Charge is not designed to recover the costs United claims nor does it bear any relationship to such costs.  United designed the Environmental Charge simply to create profit at its customers expense, not to recover its costs, and recognizes the Environmental Charge as income which contributes directly to its profit.  To the extent United has any discrete, identifiable Environmental Costs, those costs are far less than the Environmental Charge assessed.

4.    United's conduct constitutes a breach of the uniform contract at issue, and a violation of B&P Code § 17200 *et seq.* and § 17500 *et seq.*.  Plaintiff and each putative class member has been harmed by United's conduct and bring

this case to recover the excessive and unlawful amounts they paid.

5.      Finally, this case presents a prototypical situation for class treatment. United's conduct—including all relevant practices, conduct, representations, and omissions—is uniform among all customers.  The application of this common course of conduct and uniform contract to shared law will determine liability for the classes as a whole, ensuring that the rights of thousands of small businesses and individuals are vindicated through the efficiency of a single trial.

## PARTIES, JURISDICTION AND VENUE

6.      Plaintiff Excel Concrete Construction, Inc. is a California entity with its principal place of business in Temecula, Riverside County, California.  During the time period at issue, Plaintiff rented equipment from a United location in San Diego County, California for use at a job location in San Diego County, California, and incurred charges and fees at issue in this case in San Diego County, California.[2]  Plaintiff paid these charges and fees.  It is therefore a citizen of California.

7.      United Rentals (North America), Inc. is a Delaware corporation with its principal place of business in Stamford, Connecticut. It is registered to do business, and is doing business in, the State of California. Its appointed agent for

---

[2] Attached as Exhibit B is one invoice that Plaintiff received showing it was charged the fees at issue in this case from a San Diego County, CA United store and for delivery to a San Diego County, CA jobsite.

service of process in California is Corporation Service Company 2710 Gateway Oaks Dr Ste 150N Sacramento CA 95833. It is therefore a citizen of Connecticut and Delaware.

8. United Rentals, Inc. is a Delaware corporation with its principal place of business Stamford, Connecticut. Its appointed agent for service of process in California is Corporation Service Company 2710 Gateway Oaks Dr Ste 150N Sacramento CA 95833. It is therefore a citizen of Connecticut and Delaware.

9. United is a foreign corporation which has not designated a principal place of business in California. Plaintiff is unaware of a California principal place of business for United, if one exists. However, United has an office and location in Lakeside, San Diego County, California from which it rented equipment to class members (including Plaintiff) and at which it received payment from Plaintiff and putative class members, including payment for the unlawful fees challenged in this complaint. Additionally, United contracted to perform its obligations in San Diego County, California, entered into form contracts at issue in this case in San Diego County, California, and entered into such an agreement with Plaintiff in San Diego County, California.

10. Defendants operate as a single organization with regard to the conduct at issue in this lawsuit. Defendants share management structure and

financial accounting with its subsidiaries and any legal distinction between Defendants is a fiction designed to limit liability. United Rentals, Inc. was directly involved in—and responsible for—the conduct alleged herein. It worked with its subsidiary United Rentals (North America), Inc. to design, misrepresent, charge, and collect the fees at issue in this case.

11. Each Defendant is responsible for the actions or inactions of the other Defendant, its other subsidiaries, related entities, its employees, and its agents under the doctrines of respondeat superior, joint and several liability, conspiracy, and agency.

## CLASS ACTION ALLEGATIONS

12. Plaintiff brings this action as a class action and propose two classes defined as follows:

13. The Refueling Charge Class is defined as:

All individuals and entities who (1) rented equipment from United stores located in California, (2) entered into the standard, pre-printed, form written contract with United, and (3) paid Untied a refueling charge during the applicable statute of limitations.

14. The Environmental Charge Class is defined as follows:

All individuals and entities who (1) rented equipment from United stores located in California, (2) entered into the standard, pre-

printed, form written contract with United, and (3) paid United an Environmental Charge during the applicable statute of limitations.

15.    Plaintiff maintains the right to create additional subclasses or classes, if necessary, and to revise these definitions to maintain a cohesive class that does not require individual inquiry to determine liability.

16.    Excluded from all proposed classes are:

a.  All claims arising out of a contract that contains a class action waiver or an arbitration clause;

b.  All transactions pursuant to a separate written agreement that sets or limits the amounts of the fees;

c.  Municipalities and any individual or entity currently in bankruptcy, any individual or entity whose obligations have been discharged through bankruptcy, and any judicial officer who presides over this case; and

d.  Any judicial officer, including that officer's family, which presides over this case.

17.    Plaintiff maintains the right to create additional subclasses or classes, if necessary, and to revise these definitions to maintain a cohesive class that does not require individual inquiry to determine liability.

18.   The exact number of class members is unknown to Plaintiff at this time, but such information can be ascertained through appropriate discovery, specifically from records maintained by United.  Upon information and belief, the number of putative members of each class exceeds 100 persons, that the Parties have minimal diversity of citizenship, and that the amount in controversy exceeds $5,000,000.

**I.   Predominance of Common Questions of Law and Fact**

19.   There are common questions of law and fact which are of general interest to the class.  These common questions of law and fact predominate over any questions affecting only individual members of the class.  Such common questions include, but are not limited to, the following:

a.   Whether United has breached the uniform contracts by charging an "environmental charge" that is not designed to recover its environmental expenses and which does not recover such costs;

b.   Whether United has breached the uniform contracts by charging more for refueling than its refueling costs;

c.   Whether the price per gallon United charges for refueling equipment has any relation to its refueling costs;

d.   Whether the terms United uses to charge the fees at issue are misleading;

e. Whether the method and amount in which United charges the fees at issue in this case are unfair or deceptive;

f. Whether United omitted material facts regarding the fees, including that the fees are not related to any costs United actually incurs; and

g. Whether United's conduct constitutes a deceptive or unfair trade practice.

## II.    Typicality and Numerosity

20.    The claims of the named Plaintiff are typical of the claims of the putative classes and United's defenses to Plaintiff's claims are typical of its defenses to the claims of the putative class. The exact number of class members is unknown to Plaintiff at this time, but is more than one hundred for each, and such information can be ascertained through appropriate discovery.    All information necessary to identify class members and the damages suffered by each class member can be found in electronic records maintained by United and its agents.

## III.    Adequate Representation

21.    Plaintiff will fairly and adequately protect the interests of the members of the classes and have no interest antagonistic to those of other class members.    Plaintiff has retained class counsel competent to prosecute class actions and such class counsel are financially able to represent the classes.

## IV.    Superiority

22.    The class action is superior to other available methods for the fair and efficient adjudication of this controversy since individual joinder of all members of the class is impracticable.  The interests of judicial economy favor adjudicating the claims for the Plaintiff classes rather than on an individual basis. The class action mechanism provides the benefit of unitary adjudication, economies of scale, and comprehensive supervision by a single court.

## **FACTUAL ALLEGATIONS**

23.    Like other small businesses and individuals, Excel rented equipment from United, including from United locations in San Diego County and paid it Refueling Charges and Environmental Charges.  United is the largest equipment rental company in the United States. The rental rate United charges each customer is established in a standard, pre-printed contract—which United drafted—which is uniform in all relevant aspects.  However, in addition to the rental rate, United charges for refueling equipment and for its environmental expenses related to renting equipment. When United does so, it charges an excessive and unlawful amount designed to increase its profits without regard to the costs which it claims justifies these charges and the contractual language which limits the legal amount of these fees to such costs.  This conduct breaches

the form contract at issue and violates B&P Code § 17200 *et seq.* and B&P Code § 17500 *et seq.*.

## I.  United's Unlawful And Deceptive Practice Of Charging More For Refueling Than Its Refueling Costs.

24.    When a customer returns equipment not completely refueled, United charges the customer for refueling. United's Refueling Charges are based upon a price per gallon which it sets unilaterally and does not disclose until which time the customer returns the equipment and has no choice but to pay the unlawful fee.  Upon information and belief, this price (which is the same for any given customer at any given time) has increased over time, and has reached as high $8.00 per gallon.

25.    The price per gallon United charges for refueling bears no relationship to the costs United pays for fuel. The retail price of fuel is far less than the price United it charges customers.  United buys fuel in bulk—and probably uses financial derivatives to hedge or otherwise control the cost of fuel—and thus United pays even less than the retail price for fuel.  Additionally, United has no identifiable indirect costs of refueling.  Upon information and belief, United does not incur any overhead or administrative expense due to refueling which it would not otherwise incur, and it does not have any line item on its financial statements which reflect such costs.  The total of United's costs of

refueling are less than the Refueling Charges United assesses and collects from its customers, including Plaintiff.

26.     Further, United did not design the Refueling Charges to recover its actual costs of refueling.  Upon information and belief, United did not conduct any analysis to determine what refueling costs it incurs before setting the price per gallon it charges customers (which purportedly incorporates this cost).  If it had, that analysis would reveal that these costs are far less than what United charges customers.  It is telling that United has increased the price it charges customers for refueling while fuel prices have decreased dramatically since their high in 2008. United has acted in bad faith and capriciously in setting and charging the Refueling Charges.

27.     United uses effectively identical, pre-printed and uniform contracts to enter into agreements with putative class members for equipment rental. United drafted these contracts.  Excel entered into such a contract multiple times in connection with equipment rentals from California stores.[3]  The form contract contains the exact same relevant language to govern the refueling of equipment. Specifically, the form contract states that the rates to rent the equipment "do not include the cost of fuel…."  This contractual language means that, if equipment is

---

[3] Plaintiff's claims are based only upon those contracts that do not contain a class waiver or arbitration clause and that were entered into within the applicable statute of limitations.

returned not full of fuel, United will charge an additional fee—a Refueling Charge—for the "cost of fuel."[4]

28.    United has breached this uniform, pre-printed contractual provision (which it drafted) by charging excessive Refueling Charges.  This provision explicitly limits the amount United can charge its customers for refueling to United's actual "cost of fuel…."  However, as discussed above, United charges more than its cost of fuel through the Refueling Charges.  United did not design the Refueling Charges to cover its refueling costs, but rather to reap a profit at its customers' expense.  The Refueling Charges bear absolutely no relation to its indirect and direct refueling costs and United recognizes revenue from the Refueling Charge as revenue which contributes directly to United's profit margin.

29.    United designed, implemented, and charged the Refueling Charges to increase its profits.   And, in support of its scheme, United deceives its customers into believing that the Refueling Charges are legitimate charges related to its actual costs. United does so, in part, by failing to disclose the fact that the Refueling Charges are not based in any way on its refueling costs and by

---

[4] The form contracts also include an integration clause (which establishes that it constitutes the entire agreement of the parties and any oral representations are not relevant), and a stringent enforcement clauses (which establish that if a customer fails to pay "any charges" United shall collect collection and enforcement costs, including attorneys' fees).

suppressing the actual costs it incurs.  United also misrepresents the nature and purpose of the Refueling Charges by using terms for these charges on invoices (such as "Gas" or "Diesel") which falsely imply that the charge is for the cost of fuel itself.  United makes these misrepresentations and omissions each time it assesses the Refueling Charges on each form invoice it provides to customers, including on invoices Plaintiff received.  The methodology—or lack thereof—by which United sets and charges the Refueling Charges is unfair and arbitrary.  In setting and charging the Refueling Charges, United has acted in bad faith, unfairly, and deceptively.  Notably, neither Plaintiff nor any of United's other customers could know that the Refueling Charges are excessive and unfair due to United's conduct and the fact that United does not disclose the costs on which it purports to base the Refueling Charges.

## II.    United Engaged In Deceptive And Unlawful Conduct In Charging The Environmental Charges.

30.    United also charges customers, including Excel, a fee it calls an "Environmental Charge." The amount of the Environmental Charge is determined through a uniform methodology, and usually is either an arbitrary flat amount or a percentage of the rental charges on the invoices.  When United charges the Environmental Charge to its customers it does so on the form, pre-printed invoice using the standard term "Environmental Charge."

31.    United uses form contractual language to govern the Environmental Charge on each contract entered into by members of the Contract Class.  This language provides:

> ENVIRONMENTAL CHARGE: The items indicated above are subject to an environmental charge which is designed to recover United's direct and indirect expenses for the handling, managing and disposing of waste products, hazardous materials, and related administrative costs. This is not a government mandated charge.

32.    Contrary to this language, the "Environmental Charge" is not "designed" to recover United's "direct and indirect expenses for the handling, managing and disposing of waste products, hazardous materials, and related administrative costs."  This is evidenced both by the methodology by which the amount of the Environmental Charge is determined and by the fact that United recognizes the money received from this fee as revenue which contributes directly to its profit margin.  In fact, upon information and belief, United has no discrete "indirect" environmental costs which it can identify and the amount of "direct" environmental costs it incurs are far less than the amount collected through the Environmental Charge.  United did not design or intend this fee to offset the specific costs listed, but rather as a hidden price increase and profit center.

33.    Further, the costs United claims justify the Environmental Charge are already recovered by United in the rental rates it charges customers. The costs

listed—"handling, managing and disposing of waste products, hazardous materials, and related administrative costs"—are, like any overhead, part of United's core business and are taken into account in setting rental rates. Upon information and belief, United did no analysis of such costs when it set the amount or methodology of the Environmental Charge.

34.    United's Environmental Charge is as unfair and deceptive as its Refueling Charge. The term "Environmental Charge" is deceptive in that it conveys the message to a reasonable customer that this fee is charged for specific environmental costs which United incurs. As discussed, this message is false. Excel, and the other class members, received this uniform deceptive term on the form, pre-printed invoices United sends to charge this fee. Additionally, United has failed to disclose material facts regarding the Environmental Charge which it was under a duty to disclose. For example, United has not disclosed the actual environmental costs which it claims justify the fee, that the fee is not related to such costs, that money from the fee is not used to defray such costs, and that it recognizes such money as income. Notably, neither Plaintiff nor any of United's other customers could know that Environmental Charge is excessive and unfair due to United's fraudulent conduct and the fact that United does not disclose the costs on which it purports to base the Environmental Charge.

**IV.    United's Conduct Constitutes A Breach Of The Uniform Contract.**

35.    United's conduct in charging the Refueling Charges and Environmental Charges constitutes a breach of the uniform contract.

36.    United uses effectively identical, uniform contracts to enter into agreements with putative class members for equipment rental. United drafted these contracts. Plaintiff entered into such contracts with United in California at multiple times during the class period. Each member of the putative classes entered into the same pre-printed, effectively identical contract.

37.    The terms and conditions of the form contract expressly limits the amount United can charge in these situations to "the cost of fuel." But, in breach of this express provision, United charges customers much more than its cost of fuel. United's Refueling Charges are not designed to—and in fact bear no relation to—United's actual refueling costs. Rather, United has created, represented, and assessed Refueling Charges which are designed to reap profits at its customers' expense in breach of the express provisions of the form contract.

38.    The terms and conditions of the form contract expressly establish that United may charge an Environmental Charge that "is designed to recover United's direct and indirect expenses for handling, managing and disposing of waste products, hazardous materials, and related administrative costs." But, in violation of this language, the "Environmental Charge" is not designed to recover the costs United claims nor does it bear any relationship to such costs. United

designed the Environmental Charge simply to create profit at its customers expense, not to recover its costs, and, upon information and belief, United recognizes the Environmental Charge as revenue which contributes directly to its profit. To the extent United has any discrete, identifiable Environmental Costs, those costs are far less than the Environmental Charge made by United.

### IV. United's Conduct Constitutes A Violation Of California's Unfair Competition Law (Cal. Bus. & Prof. § 17200, *et seq.*) and California's False Advertising Law (Cal. Bus. & Prof. § 17500, *et seq.*)

39. By charging Refueling Charges and Environmental Charges which are deceptive, unlawful, and unfair, United has violated California's Unfair Competition Law (Cal. Bus. & Prof. § 17200, *et seq.*) and California's False Advertising Law (Cal. Bus. & Prof. § 17500, *et seq.*)

40. As discussed above, United characterizes the Refueling Charges as legitimate charges which are designed to recover, are related to, and are used to offset the costs it incurs in refueling equipment. But, in truth, these charges bear absolutely no relation to such costs and contribute directly to United's profit. United designed these fees to be profit centers without any regard to the costs which purportedly justify them. And, as a result, it is unsurprising that the amount of the fees far exceed such costs (to the extent discrete, identifiable costs exist at all). The method in which United calculates the fees is in no way connected to United's actual refueling or transportation costs and United has

done no legitimate analysis (prior to litigation) to determine how such costs relate to the fees.

41.     United has engaged in a host of deceptive and unfair conduct in representing, charging, and collecting the Refueling Charges.   United has intentionally deceived its customers regarding the Refueling Charges, including by representing these charges through uniform terms (such as "Diesel" although the amount charged does not correspond to the price United pays for diesel fuel) and by concealing material facts (such as that there is no relationship between the Refueling Charges and any costs United might incur).  In truth, the only reason United describes these fees in this manner to its customers—rather than calling them, for example, an "Extra Profit Charge"—is to create the false impression that the fees are legitimate and reasonable.

42.     United also has omitted material facts regarding the Refueling Charges.  For example, United does not disclose that the Refueling Charges are not related to United's refueling costs in any way, that the Refueling Charges are not applied to United's refueling costs, and that the Refueling Charges are recognized as profit.

43.     Additionally, upon information and belief, the costs United purportedly recovers through the Refueling Charges are already recovered through the rates it charges for equipment rental and the other fees it charges.

These rates include the individual component costs of United's business.  Thus, United has already recovered the costs which the fees purportedly offset in the price it charges for equipment rental itself.

44.    United has consistently and continually misrepresented the nature and purpose of the Refueling Charges.  United does so to deceive its customers into believing that these fees are legitimate and related to costs United incurs in refueling equipment.

45.    In charging the Environmental Charges, United has consistently and continually misrepresented, omitted, and deceived Plaintiff and putative class members as to the nature and purpose of the Charges.  United represents in the form contract and agrees that the environmental charge "is designed to recover United's direct and indirect expenses for handling, managing and disposing of waste products, hazardous materials, and related administrative costs."  But, in violation of this language, the "Environmental Charge" is not designed to recover the costs United claims nor does it bear any relationship to such costs.  United designed the Environmental Charge simply to create profit at its customers expense, not to recover its costs, and, upon information and belief, United recognizes the Environmental Charge as revenue which contributes directly to its profit.  To the extent United has any discrete, identifiable Environmental Costs, those costs are far less than the Environmental Charge made by United.

46.    These practices were designed by United to deceive its customers, and are likely to deceive those customers acting reasonably under the circumstances.  United's misrepresentations, omissions, and deceptive practices did in fact deceive Plaintiff and United's other customers to their detriment in that each paid a Refueling Charge.

## V.    United's Conduct With Regard To The Fees Could Not Have Been Discovered.

47.    The conduct at issue in this case could not have been discovered by Plaintiff or any putative class member through the exercise of reasonable diligence due to United's deceptive conduct. As discussed herein, United did not disclose the facts necessary for any reasonable person to determine that the Refueling Charges and Environmental Charges were unlawful.

48.    Specifically, with regard to the Refueling Charges, United never disclosed (1) the methodology to set the charges, (2) the costs which purportedly justify the charges, and (3) that the charges were not designed to cover United's costs of refueling.  With regard to the Environmental Charges, United never disclosed that (1) it does not track its environmental costs, and (2) it considers the revenue generated from these Charges to be income.

49.    Given United's scheme to withhold the information from customers that would allow those customers to determine that the four Charges were unlawful it was impossible for any customer—including Plaintiff and all

members of the Classes—to discover the breach, unfair conduct, or unlawful conduct.   No reasonable diligence by a person of common knowledge or experience would provide notice of these claims prior to the first lawsuit alleging these claims that was filed against United.

### VI.    There Is No Agreement To Pay A Specific Dollar Amount For The Fees.

50.    The form agreement at issue does not establish a specific dollar amount that Plaintiff (and each class member) agrees to pay for Refueling Charges and Environmental Charges.   The amount of the Fees is not known to Plaintiff until it receives the invoice, after the equipment is returned.   The form agreement establishes that United can charge Plaintiff for the Refueling Charge to recover the "cost of refueling."   It also establishes that United can charge Plaintiff for the Environmental Charge to recover the "direct and indirect expenses for the handling, managing and disposing of waste products, hazardous materials, and related administrative costs."   After entering into this contractual language, United charges an amount that purportedly represents the result of the calculations mandated by the contract.   Any "summing" of the fees is not a contractual clause that negates the pre-printed, specific language in the "terms and conditions" portion of the form contract; it is a representation that such sums are, in fact, reflective of United's costs as required by the contract.   And, as discussed above, no customer could know that the charged fee amounts were not

calculated as required by contract because no customer could know United's internal costs.

## FIRST CAUSE OF ACTION
### Unlawful, Unfair and Fraudulent Business Practices
(Cal. Bus. & Prof. § 17200, *et seq.*)

51.    All allegations and paragraphs in this complaint are incorporated by reference.

52.    Plaintiff alleges that the Refueling Charges and Environmental Charges, are unlawful, unfair, and fraudulent.

53.    Through the conduct described herein, and particularly through the charging and collecting of unlawful, misrepresented and excessive fees to Plaintiff and members of the public, United has engaged in unlawful, deceptive, and unfair business acts within the meaning of California Business and Professions Code § 17200 *et seq.*    United's acts and practices offend an established public policy, and United has engaged in immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers including Plaintiff.

54.    United's acts of unlawful, unfair, and fraudulent business practices include violations of the California Civil Code §§1572, 1573, 1709, 1711, 1770, 1670.5, among other provisions, and the common law.

55.    Such deceptive acts include, but are not limited to:

a.  United's failure to disclose the excessive amount it charges for its Refueling Charge;

b.  United's representation that the Refueling Charge is related to its refueling costs;

c.  United's representation that the Refueling Charge is used to offset its refueling costs;

d.  United's failure to disclose that the Refueling Charge does not fluctuate as United's actual refueling costs fluctuate and is not tied to such costs;

e.  The failure to disclose that United's actual cost of fuel is not a factor in United's Refueling Charge calculation;

f.  United's failure to disclose the excessive amount it charges for its Environmental Charge;

g.  The representation that the Environmental Charge is directly related to specific direct and indirect environmental costs;

h.  The representation that United uses the Environmental Charge to offset specific direct and indirect environmental costs;

i.  The representation that the Environmental Charge fluctuates as United's environmental costs fluctuate;

j.  The failure to disclose that the Environmental Charge has nothing

to do with United's purported environmental costs and is not related to such costs; and

k.  United's failure to disclose to its customers that it is recovering for the same alleged cost twice, i.e. once in the actual rate and then again in through the Refueling Charge and Environmental Charge.

56.    United's misrepresentations, omissions, and deceptive practices as set out herein are likely to mislead reasonable consumers under the circumstances.

57.    United's actions or inactions directed toward Plaintiff and putative class members are also unfair.  Such actions or inactions include:

a.  Causing customers to pay excessive amounts for the Refueling Charge and Environmental Charge;

b.  Setting a methodology for the Refueling Charge and Environmental Charge which is not tied to the refueling costs, transportation, or environmental costs United may incur; and

c.  Not lowering the amounts of the Refueling Charge and Environmental Charge when United's related cost decrease.

2.    Plaintiff reserves the right to allege other violations that constitute other unlawful business acts or practices.  Upon information and belief, United's

wrongful conduct in violation of § 17200, *et seq.* is ongoing and continues to this date.

58.    There were reasonably available alternatives to further United's legitimate business interests, other than its conduct described herein.

59.    United's actions, nondisclosures, and misleading statements, as alleged in this Complaint, were and are likely to deceive Plaintiff and the public, and are intended to deceive Plaintiff and members of the public.  Plaintiff has in fact been deceived and has relied on United's representations and omissions. This has caused harm to Plaintiff and Plaintiff has suffered injury in fact and lost money as a result of United's unlawful, unfair, and fraudulent practices.  Plaintiff has paid the unlawful fees.

60.    As a result of its unlawful, unfair, and fraudulent practices, United has been able to reap unjust revenue and profit.  Further, upon information and belief, unless restrained and enjoined, United will continue to engage in the above-described conduct.  Accordingly, injunctive relief is appropriate here.

61.    United's actions also constitute "unfair" business acts or practices because, as alleged above, *inter alia*, United engages in false advertising, misrepresents and omits material facts regarding the improper fees, and thereby offends an established public policy, and engages in immoral, unethical,

oppressive, and unscrupulous activities that are substantially injurious to consumers including Plaintiff and the general public.

62. Plaintiff, on behalf of itself, the proposed classes above, and the general public, who paid these Charges to their detriment seeks restitution of all money improperly obtained from Plaintiff and the class members which United's collected or received as a result of unlawful, unfair, or fraudulent practices, and all other relief the Court deems proper and just, consistent with, *inter alia*, Business & Professions Code §17203.

## SECOND CAUSE OF ACTION
### False and Misleading Statements
(Cal. Bus. & Prof. § 17500, *et seq.*)

63. All allegations and paragraphs in this complaint are incorporated by reference.

64. Through the conduct described herein and specifically under the First Cause of Action above, and particularly through the charging and collecting of unreasonable Charges from Plaintiff and members of the public, United has engaged in unfair, deceptive, and misleading advertising within the meaning of California Business and Professions Code § 17500 *et seq.* United's acts and practices offend an established public policy, and United has engaged in immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers including Plaintiff.

65.    United made and disseminated false and misleading statements to Plaintiff and members of the public regarding the nature, purpose, and effect of the four Charges, as well as regarding the costs United incurs in refueling equipment, protecting the environment, and transporting equipment.    United created false impressions which it failed to correct, and concealed material information regarding the fees.

66.    Upon information and belief, United's wrongful conduct in violation of Business & Professions Code § 17500, *et seq.* is ongoing and continues to this date.    United acted knowingly and intentionally.    There were reasonably available alternatives to further United's legitimate business interests, other than the conduct described herein.

67.    United's actions, claims, nondisclosures, and misleading statements, as alleged in this Complaint, are likely to deceive Plaintiff and the public, and were intended to deceive Plaintiff and members of the public.    Plaintiff have in fact been deceived and has relied on United's representations and omissions. This reliance has caused harm to Plaintiff and Plaintiff has suffered injury in fact and lost money as a result of United's unlawful, unfair, and fraudulent practices. Plaintiff has paid the unlawful fees.

68.    As a result of its deception, United has been able to reap unjust revenue and profit.    Further, upon information and belief, unless restrained and

enjoined, United will continue to engage in the above-described conduct. Accordingly, injunctive relief is appropriate.

69.    Plaintiff, on behalf of itself, all others similarly situated, and the general public, seeks restitution of all money improperly obtained from Plaintiff and class members; an injunction prohibiting United from continuing such practices; and all other relief the Court deems proper and just, consistent with, *inter alia*, Business & Professions Code §17203.

### THIRD CAUSE OF ACTION
**Breach of Contract**

70.    All allegations and paragraphs in this complaint are incorporated by reference.

71.    Plaintiff and each putative class member entered into the same pre-printed uniform written agreement with United.  Plaintiff and each member of the classes performed on their contract.

72.    By charging Plaintiff and each putative class member more than its Environmental expenses, United has breached the written contracts at issue.

73.    By charging Plaintiff and each putative class member more than its cost of refueling, United has breached the written contracts at issue.

74.    Plaintiff and each putative class member has been directly and proximately harmed by United's breach of contract in that each paid more for than agreed.

# REQUEST FOR JUDGMENT

Plaintiff asks for judgment against United in its and the putative classes' favor, as follows:

75.    For an order certifying this action as a class action and requiring United to provide notice to the classes at its expense;

76.    For full restitution of the Refueling Charges and Environmental Charges paid by the classes;

77.    For damages in the amount of the Refueling Charges and Environmental Charges paid by the classes;

78.    For attorneys' fees; and

79.    For all other relief which is deemed equitable and just.

Dated: July 25, 2017

*/s/ Steven W. Ritcheson*
Steven W. Ritcheson
INSIGHT, PLC
9800 Topanga Canyon Blvd.
Chatsworth, CA 91311
Phone: 818.882.1030
Fax: 818.774.8714
swritcheson@insightplc.com

Nicholas W. Armstrong
PRICE ARMSTRONG, LLC
2421 2nd Avenue North, Suite 1
Birmingham, AL 35203
Phone: 205.208.9588
Fax: 205.208.9598
nick@pricearmstrong.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

W. Lewis Garrison, Jr.*
Taylor C. Bartlett*
HENINGER GARRISON DAVIS, LLC
2224 First Avenue North
Birmingham, Alabama 35203
Phone: 205.326.3336
lewis@hgdlawfirm.com
taylor@hgdlawfirm.com
*Pro Hac Vice Applications to be
Filed